944 F.2d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David C. ELLARD, Petitioner-Appellant,
v.
Chase RIVELAND, Secretary of the Washington Department Of
Corrections Respondent-Appellee.
 No. 91-35082.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 9, 1991*.
Decided Sept. 19, 1991.
 
 Before WRIGHT, FARRIS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Ellard, a Tacoma, Washington tire dealer with contracts with the Tacoma School District ("TSD"), was convicted of theft in Washington State Superior Court in 1984. Ellard's habeas corpus petition was dismissed in district court. We affirm.
 
 
 3
 Ellard first argues that Jury Instruction 22 was unconstitutional because it allowed the jury to convict for the criminal acts of others, and it left out the action elements of accomplice liability. We find the instruction only states a necessary but not a sufficient condition for conviction--it tells the jury not to convict unless it finds specific intent, it does not tell the jury to convict if it finds specific intent. Moreover, jury instructions are to be read in the "context of the overall charge." United States v. Bordallo, 857 F.2d 519, 527 (9th Cir.1988) (citations omitted) modified on other grounds, 872 F.2d 334 (9th Cir.1989), cert. denied, 110 S.Ct. 71 (1989). Jury Instruction 23 fully spells out the elements of theft.
 
 
 4
 Second, Ellard claims that Jury Instruction 16 was unconstitutional under State v. Shipp, 610 P.2d 1322, 93 Wash.2d 510 (1980) and allowed the jury to convict because of mere negligent ignorance. We find Instruction 16 was not defective under Shipp. Moreover, even though the instruction did not use the word "actual knowledge," "knowledge" has an ordinary and accepted meaning, which is actual knowledge. Shipp, 610 P.2d at 1326.
 
 
 5
 Third, Ellard argues that he was denied ineffective assistance of counsel. Ellard must (1) show that his attorney's errors or omissions reflect a failure to exercise the skill, judgment, or diligence of a reasonably competent attorney, and (2) affirmatively establish prejudice as a result of the attorney's conduct." United States v. Murray, 751 F.2d 1528, 1535 (9th Cir.1985) (citing Strickland v. Washington, 466 U.S. 655 (1984)), cert. denied, Moore v. United States, 474 U.S. 979 (1985).
 
 
 6
 Ellard argues that his counsel's conduct was ineffective because of his counsel's failure to (1) object adequately to evidence of bad acts; (2) take exception to the trial court's jury instruction; (3) request a limiting instruction to this evidence; and (4) request a continuance before the cross-examination of the assistant state auditor.
 
 
 7
 The record demonstrates that his attorney did object to this evidence, see 4 RP 94-99, and the court ruled bad acts evidence was admissible under Washington Evidence Rule 404(b). The record shows also that Ellard had direct complicity in the TSD transactions. He has not shown that the result would have been any different if a limiting instruction had been given. Moreover, Ellard has not shown any prejudice, nor has he shown that his counsel's long cross-examination of the assistant state auditor rendered his conduct less than that of a reasonably competent attorney.
 
 
 8
 Finally, Ellard argues that the aggregation of these errors made his trial fundamentally unfair. Lincoln v. Sunn, 807 F.2d 805, 814 n. 6 (9th Cir.1987). This claim is meritless.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3